IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HERNANDO HOYOS, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>- against -<br><br>ANDREW S. GORDON and ANDREW S. GORDON, SCOTT K.H. BESSENT and ELIZABETH DELLENBAUGH AS EXECUTORS OF THE ESTATE OF CHRISTOPHER H. BROWNE, Jointly and Severally,<br><br>                              Defendants. | Civ. Action No. 1:12-cv-05449-JPO-SN<br><br>**ANSWER TO AMENDED COMPLAINT** |

Andrew S. Gordon in his individual capacity ("Gordon"), by his attorneys McCarter & English, LLP, and Scott Bessent ("Bessent"), Elizabeth Dellenbaugh ("Dellenbaugh") and Andrew S. Gordon, each in his or her capacity as a preliminary executor (each, an "Executor," and collectively, the "Executors"), of the Estate of Christopher H. Browne ("Estate") by their attorneys Bryan Cave LLP, answer the allegations of the Amended Complaint as follows.  The Executors and Gordon are collectively referred to herein as the "Defendants."

**NATURE OF THE ACTION**

1.      In response to the allegations in the first sentence of Paragraph 1 of the Complaint, the Executors deny the allegations regarding the Estate; Bessent and Dellenbaugh deny knowledge or information sufficient to form a belief as to the truth of those allegations as they apply to Plaintiff's alleged employment by Gordon individually; Gordon admits that in his individual capacity he employed Plaintiff to perform various

1

domestic services in his residences, and otherwise denies those allegations.  Defendants aver that the allegations in the second and third sentences of Paragraph 1 constitute legal argument not requiring a response, and otherwise deny those allegations.

## JURISDICTION AND VENUE

2.      Defendants admit the allegations in Paragraph 2 of the Complaint, except deny that the Court has supplemental jurisdiction over state law claims by Collective Action Members (as defined in the Complaint) other than Plaintiff.

3.      Defendants admit the allegations in Paragraph 3 of the Complaint.

4.      Defendants admit the allegations in Paragraph 4 of the Complaint.

5.      In response to the allegations in Paragraph 5 of the Complaint:  Bessent and Dellenbaugh deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence; Gordon admits that Plaintiff resided in New York County, and at times in Suffolk County and Florida, and otherwise denies the allegations in the first sentence; and Defendants admit the allegations in the second sentence.

6.      In response to the allegations in Paragraph 6 of the Complaint: Bessent and Dellenbaugh deny knowledge or information sufficient to form a belief as to the truth of the allegations, except admit that Gordon spent time in East Hampton and resided at 515 Park Avenue during the relevant time period; Gordon admits the allegations in the first sentence; Gordon admits that, in his individual capacity, after the death of Christopher H. Browne ("Browne"), he employed Plaintiff, set the terms of Plaintiff's employment and had the right to hire and fire Plaintiff; and otherwise denies the allegations in the second sentence.

7.      Defendants deny the allegations in Paragraph 7 of the Complaint.

8.     Defendants aver that the allegations in Paragraph 8 of the Complaint constitute legal argument not requiring a response, and otherwise deny those allegations.

9.     Defendants deny the allegations in Paragraph 9 of the Complaint.

10.    In response to the allegations in Paragraph 10, Defendants aver that the allegations in Paragraph 10 constitute legal argument not requiring a response.

11.    Defendants deny the allegations in Paragraph 11, except that Gordon, in his individual capacity, admits that he employed Plaintiff after the death of Browne.

12.    In response to the allegations in Paragraph 12:  the Executors admit those allegations as they apply to the Estate; Bessent and Dellenbaugh deny knowledge or information sufficient to form a belief as to the truth of the allegations as they apply to Gordon individually; and Gordon, in his individual capacity, denies the allegations.

13.    In response to the allegations in Paragraph 13: the Executors deny the allegations as they apply to the Estate; Bessent and Dellenbaugh deny knowledge or information sufficient to form a belief as to the truth of the allegations as they apply to Gordon individually, except admit that Gordon, in his individual capacity, employed Plaintiff; and Gordon, in his individual capacity, denies the allegations, except admits that after the death of Browne he employed Plaintiff through April 15, 2012 and employed David Cummings ("Cummings") through on or about March 31, 2010.

14.    Defendants deny the allegations in Paragraph 14, except admit that Gordon, in his individual capacity, employed Plaintiff after the death of Browne through April 15, 2012.

15.    In response to the allegations in Paragraph 15: the Executors admit that the Estate owns residential apartments located at 515 Park Avenue, and had an ownership

3

interest with Gordon in a residence in Miami, Florida until it was sold in 2010; Gordon admits that he individually owns apartments in Palm Beach, Florida, and that, in his individual capacity, after the death of Browne he employed Plaintiff through April 15, 2012; he employed Cummings through on or about March 31, 2010; and he employed Maryann Sgarlata through in or about February 2011; and Defendants otherwise deny those allegations.

16.    In response to the allegations in Paragraph 16:  the Executors deny the allegations with respect to individuals allegedly employed by the Estate; Bessent and Dellenbaugh deny knowledge or information sufficient to form a belief as to the truth of allegations regarding individuals allegedly employed by Gordon; and Gordon denies the allegations.

17.    In response to the allegations in Paragraph 17: Bessent and Dellenbaugh deny knowledge or information sufficient to form a belief as to the truth of those allegations, except Bessent admits that he employed Plaintiff as a chef, driver and caretaker prior to Plaintiff's working for Browne; Gordon admits that Browne hired Plaintiff in or around June or July 2009 to perform cooking and other duties, and otherwise denies the allegations in the first sentence of Paragraph 17; and Gordon denies knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 17.

18.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18.

19.    In response to the allegations in Paragraph 19: Bessent and Dellenbaugh deny knowledge or information sufficient to form a belief as to the truth of those allegations; Gordon admits Plaintiff performed cooking, chauffeur and other duties for Browne; Gordon

4

denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding the number of hours Plaintiff worked each week; and Gordon otherwise denies those allegations.

20.     In response to the allegations in Paragraph 20: the Executors deny that Hoyos and the Estate agreed that Hoyos would be employed by the Estate; Bessent and Dellenbaugh otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20; and Gordon otherwise denies the allegations in Paragraph 20, except admits that shortly after Browne died in December 2009 Gordon asked Plaintiff to work for Gordon to perform a broad range of domestic responsibilities, including duties that Plaintiff had not previously performed for Browne.

21.     In response to the allegations in Paragraph 21: Bessent and Dellenbaugh deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence; Gordon admits that he paid Plaintiff by personal check in the period January through July 2010 and then began paying Plaintiff through ADP, and otherwise denies the allegations in the first sentence; and Defendants deny the allegations in the second sentence, except admit that Dellenbaugh and Gordon, as preliminary executors, on or about February 22, 2012, approved the Estate's reimbursement of Gordon for certain services performed by Plaintiff, and that the Estate paid such approved reimbursements to Gordon.

22.     In response to the allegations in Paragraph 22: Bessent and Dellenbaugh deny knowledge or information sufficient to form a belief as to the truth of those allegations, except admit, on information and belief, that Plaintiff at times performed certain cleaning and maintenance oversight services; and Gordon denies those allegations, except admits that Plaintiff at times performed cooking, shopping, cleaning, driving, maintenance oversight

services and other duties, and shared taking care of Orville with Gordon, and that Orville at time had seizures, and took daily medications and walks.

23.     In response to the allegations in Paragraph 23:  Bessent and Dellenbaugh deny knowledge or information sufficient to form a belief as to the truth of those allegations, except admit, on information and belief, that Plaintiff at times performed certain cleaning and maintenance oversight services; and Gordon denies the allegations, except admits that he on a number of occasions informed Plaintiff that Plaintiff should only work forty (40) hours per week, that he informed Plaintiff that he did not have an overtime budget, and that Plaintiff at times performed cooking, shopping, cleaning, maintenance oversight and driving duties, and shared taking care of Orville with Gordon.

24.     In response to the allegations in Paragraph 24:  Bessent and Dellenbaugh deny knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence, and deny the allegations in the second and third sentences; and Gordon denies all of those allegations.

25.     Defendants deny the allegations in the first, second, third and fourth sentences of Paragraph 25, except:  (i) Defendants admit that Gordon provided information to the Estate regarding Plaintiff's cleaning work with respect to the residences owned by the Estate and Plaintiff's maintenance oversight services with respect to certain Estate properties, and that the Estate benefited from these services; (ii) Defendants admit that Gordon submitted invoices to the Estate for certain work performed by Plaintiff so that Gordon could be reimbursed for the cost Gordon incurred in paying Plaintiff for such work, and refer to the invoices for the terms thereof; and (iii) Dellenbaugh and Bessent deny knowledge or information sufficient to form a belief as to the truth of the allegation that Gordon directed

Plaintiff in his daily work duties.  In response to the allegations in the fifth sentence of Paragraph 25: Bessent and Dellenbaugh deny knowledge or information sufficient to form a belief as to the truth of the allegations; and Gordon denies the allegations, except admits that he directed Plaintiff to complete and submit time sheets to record his hours worked and refer to such time sheets for the terms thereof.

26.     Defendants deny the allegations in Paragraph 26.

27.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27, except admit that Plaintiff's counsel sent a letter dated March 23, 2012, to the Estate's counsel, and refer to the letter for the terms thereof.

28.     In response to the allegations in Paragraph 28, Bessent and Dellenbaugh deny knowledge or information sufficient to form a belief as to the truth of the allegations; and Gordon admits that he terminated Plaintiff's employment effective April 18, 2012, and subsequently demanded that Plaintiff vacate the apartment in which Plaintiff resided at 515 Park Avenue, and otherwise denies those allegations.

29.     In response to the allegations in the first sentence of Paragraph 29: Defendants admit that the Estate paid Plaintiff $17,500, by check dated August 10, 2010,  in response to Plaintiff's request for a bonus for 2009 while he was employed by Browne, and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding an agreement regarding a bonus for 2009; Gordon admits that Plaintiff was not paid a bonus for 2010 or 2011; and Bessent and Dellenbaugh deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding bonus payments for 2010 and 2011.  In response to the allegations in the second sentence of Paragraph 29: Gordon admits that an agent of the Estate mistakenly prepared a check

7

payable to Plaintiff in the amount of $25,000, which was sent to but not signed by Gordon, and that Gordon, as a Preliminary Executor, signed a check payable to Plaintiff in the authorized amount of $17,500; and Bessent and Dellenbaugh deny knowledge or information sufficient to form a belief as to the truth of those allegations.  With respect to the allegations in the third and fourth sentences of Paragraph 29: the Executors deny those allegations as to the alleged obligations of the Estate; Bessent and Dellenbaugh otherwise deny knowledge or information sufficient to form a belief as to the truth of those allegations; and Gordon denies those allegations.

30.     In response to the allegations in Paragraph 30, Bessent and Dellenbaugh deny knowledge or information sufficient to form a belief as to the truth of those allegations, and Gordon admits that the work performed by Plaintiff required no capital investments and no supervision of other employees of Gordon, and otherwise denies those allegations.

31.     In response to the allegations in Paragraph 31, Bessent and Dellenbaugh deny knowledge or information sufficient to form a belief as to the truth of those allegations, and Gordon admits those allegations.

32.     In response to the allegations in Paragraph 32: the Executors deny the allegations that the Estate employed individuals; Bessent and Dellenbaugh deny knowledge or information sufficient to form a belief as to the truth of allegations that individuals other than Plaintiff were employed by Gordon; and Gordon denies the allegations, except admits that, in his individual capacity, after the death of Browne he employed Plaintiff through April 15, 2012, and Cummings through on or about March 31, 2010.

33.     In response to the allegations in Paragraph 33: the Executors deny the allegations with respect to individuals allegedly employed by the Estate; Bessent and

Case 1:12-cv-05449-JPO-SN   Document 14   Filed 11/16/12   Page 9 of 26

Dellenbaugh deny knowledge or information sufficient to form a belief as to the truth of allegations regarding individuals other than Plaintiff allegedly employed by Gordon; and Gordon denies those allegations.

34.     In response to the allegations in Paragraph 34: the Executors deny the allegations with respect to the Estate; Bessent and Dellenbaugh deny knowledge or information sufficient to form a belief as to the truth of allegations regarding individuals allegedly employed by Gordon; and Gordon denies the allegations, except admits that he did not maintain records for Cummings and for certain time periods he did not maintain records for Plaintiff.

**FIRST CAUSE OF ACTION**
**FAIR LABOR STANDARDS ACT – UNPAID OVERTIME**

35.     Defendants repeat and reallege each and every answer of the preceding paragraphs hereof to the allegations in the Amended Complaint with the same force and effect as though fully set forth herein.

36.     In response to the allegations in Paragraph 36, the Executors deny the allegations with respect to individuals allegedly employed by the Estate; Bessent and Dellenbaugh deny knowledge or information sufficient to form a belief as to the truth of allegations regarding individuals allegedly employed by Gordon; and Gordon denies the allegations.

37.     In response to the allegations in Paragraph 37, the Executors deny the allegations with respect to individuals allegedly employed by the Estate; Bessent and Dellenbaugh deny knowledge or information sufficient to form a belief as to the truth of allegations regarding individuals allegedly employed by Gordon; and Gordon denies the allegations.

9

38.     In response to the allegations in Paragraph 38, the Executors deny the allegations with respect to individuals allegedly employed by the Estate; Bessent and Dellenbaugh deny knowledge or information sufficient to form a belief as to the truth of allegations regarding individuals allegedly employed by Gordon; and Gordon denies the allegations.

## SECOND CAUSE OF ACTION
## NEW YORK LABOR LAW – UNPAID OVERTIME

39.     Defendants repeat and reallege each and every answer of the preceding paragraphs hereof to the allegations in the Amended Complaint with the same force and effect as though fully set forth herein.

40.     In response to the allegations in Paragraph 40, the Executors deny the allegations with respect to individuals allegedly employed by the Estate; Bessent and Dellenbaugh deny knowledge or information sufficient to form a belief as to the truth of allegations regarding individuals allegedly employed by Gordon; and Gordon denies the allegations.

41.     In response to the allegations in Paragraph 41, the Executors deny the allegations with respect to individuals allegedly employed by the Estate; Bessent and Dellenbaugh deny knowledge or information sufficient to form a belief as to the truth of allegations regarding individuals allegedly employed by Gordon; and Gordon denies the allegations.

### THIRD CAUSE OF ACTION
### BREACH OF CONTRACT

42.     Defendants repeat and reallege each and every answer of the preceding paragraphs hereof to the allegations in the Amended Complaint with the same force and effect as though fully set forth herein.

43.     In response to the allegations in Paragraph 43, the Executors deny the allegations with respect to individuals allegedly employed by the Estate; Bessent and Dellenbaugh deny knowledge or information sufficient to form a belief as to the truth of allegations regarding individuals allegedly employed by Gordon; and Gordon denies the allegations.

44.     In response to the allegations in Paragraph 44, the Executors deny the allegations with respect to individuals allegedly employed by the Estate; Bessent and Dellenbaugh deny knowledge or information sufficient to form a belief as to the truth of allegations regarding individuals allegedly employed by Gordon; and Gordon denies the allegations.

45.     In response to the allegations in Paragraph 45, the Executors deny the allegations with respect to individuals allegedly employed by the Estate; Bessent and Dellenbaugh deny knowledge or information sufficient to form a belief as to the truth of allegations regarding individuals allegedly employed by Gordon; and Gordon denies the allegations.

## FOURTH CAUSE OF ACTION
## QUATUM MERUIT (Pled in the Alternative)

46.     Defendants repeat and reallege each and every answer of the preceding paragraphs hereof to the allegations in the Amended Complaint with the same force and effect as though fully set forth herein.

47.     In response to the allegations in Paragraph 47, the Executors deny the allegations with respect to individuals allegedly employed by the Estate; Bessent and Dellenbaugh deny knowledge or information sufficient to form a belief as to the truth of allegations regarding individuals allegedly employed by Gordon; and Gordon denies the allegations.

48.     In response to the allegations in Paragraph 48, the Executors deny the allegations with respect to individuals allegedly employed by the Estate; Bessent and Dellenbaugh deny knowledge or information sufficient to form a belief as to the truth of allegations regarding individuals allegedly employed by Gordon; and Gordon denies the allegations.

## FIFTH CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT – UNLAWFUL RETALIATION

49.     Defendants repeat and reallege each and every answer of the preceding paragraphs hereof to the allegations in the Amended Complaint with the same force and effect as though fully set forth herein.

50.     In response to the allegations in Paragraph 50: Defendants admit that Plaintiff's counsel sent a letter to the Estate; refer to the letter for the terms thereof; and otherwise deny knowledge or information sufficient to form a belief as to the truth of those allegations.

12

51.     Defendants deny the allegations in Paragraph 51.

52.     In response to the allegations in Paragraph 52, the Executors deny the allegations with respect to the Estate; Bessent and Dellenbaugh deny knowledge or information sufficient to form a belief as to the truth of allegations regarding alleged retaliation by Gordon; and Gordon denies the allegations.

53.     In response to the allegations in Paragraph 53, the Executors deny the allegations regarding the Estate; Bessent and Dellenbaugh deny knowledge or information sufficient to form a belief as to the truth of allegations regarding Gordon; and Gordon otherwise denies the allegations.

54.     In response to the allegations in Paragraph 54, the Executors deny the allegations of retaliation by the Estate, and deny knowledge or information sufficient to form a belief as to the truth of allegations regarding damages suffered by Plaintiff; Bessent and Dellenbaugh deny knowledge or information sufficient to form a belief as to the truth of allegations regarding retaliation by Gordon; and Gordon otherwise denies the allegations.

55.     In response to the allegations in Paragraph 55, the Executors deny the allegations regarding the Estate; Bessent and Dellenbaugh otherwise deny knowledge or information sufficient to form a belief as to the truth of allegations regarding Gordon's employment of Plaintiff and retaliation by Gordon; and Gordon otherwise denies the allegations.

56.     Defendants deny the allegations in Paragraph 56.

**SIXTH CAUSE OF ACTION**
**NEW YORK LABOR LAW – UNLAWFUL RETALIATION**

57.     Defendants repeat and reallege each and every answer of the preceding paragraphs hereof to the allegations in the Amended Complaint with the same force and effect as though fully set forth herein.

58.     In response to the allegations in Paragraph 58: Defendants admit that Plaintiff's counsel sent a letter to the Estate; refer to the letter for the terms thereof; and otherwise deny knowledge or information sufficient to form a belief as to the truth of those allegations.

59.     Defendants deny the allegations in Paragraph 59.

60.     In response to the allegations in Paragraph 60, the Executors deny the allegations with respect to the Estate; Bessent and Dellenbaugh deny knowledge or information sufficient to form a belief as to the truth of allegations regarding alleged retaliation by Gordon; and Gordon denies the allegations.

61.     In response to the allegations in Paragraph 61, the Executors deny the allegations regarding the Estate; Bessent and Dellenbaugh deny knowledge or information sufficient to form a belief as to the truth of allegations regarding Gordon; and Gordon otherwise denies the allegations.

62.     In response to the allegations in Paragraph 62, the Executors deny the allegations of retaliation by the Estate, and deny knowledge or information sufficient to form a belief as to the truth of allegations regarding damages suffered by Plaintiff; Bessent and Dellenbaugh deny knowledge or information sufficient to form a belief as to the truth of allegations regarding retaliation by Gordon; and Gordon otherwise denies the allegations.

14

63.    In response to the allegations in Paragraph 63, the Executors deny the allegations regarding the Estate; Bessent and Dellenbaugh otherwise deny knowledge or information sufficient to form a belief as to the truth of allegations regarding Gordon's employment of Plaintiff and retaliation by Gordon; and Gordon otherwise denies the allegations.

64.    Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations in Paragraph 64.

65.    Defendants deny the allegations in Paragraph 65.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

66.    The Complaint, in whole or in part, fails to state a claim upon which relief may be granted against the Executors for non-payment of overtime under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.,*(the "FLSA") or  the New York State Labor Law, §650 *et seq.* (the "NYLL"); for breach of contract; or for *quantum meruit* payments.

67.    The Complaint, in whole or in part, fails to state a claim upon which relief may be granted against any Defendants for retaliation under the FLSA or the NYLL.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

68.    All claims for relief asserted by Collective Action Members other than Plaintiff in the Second, Third and Fourth Causes of Action for violation of the New York Labor Law, breach of contract and quantum meruit have been released and discharged.  All of the Collective Action Members who were employed by Christopher H. Browne as of December 1, 2009, other than Plaintiff, released and discharged the Estate, the Executors and Gordon in his individual capacity from all claims relating to employment with Mr.

Browne and/or Gordon by accepting payment from the Estate, and delivering a written release to attorneys for the Estate, in 2010.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

69.     Plaintiff is exempt from the overtime requirements of the FLSA pursuant to the exemption for highly compensated employees contained in 29 USC §213(a)(1) and 29 CFR §541.601. This exemption applies to all services performed by Plaintiff as an employee of Andrew Gordon in his individual capacity, and, in the event that the Estate is determined to be a joint employer of Plaintiff, to all services performed by Plaintiff as an employee of Andrew Gordon and the Estate.

70.     In 2010, 2011 and 2012, Plaintiff was paid at the rate of not less than $100,000 per year on a salary basis.

71.     Plaintiff's primary duty included non-manual work, and he customarily and regularly performed exempt responsibilities, including but not limited to overseeing maintenance of Gordon's residences at 515 Park Avenue and in East Hampton, providing for the safety and security of such properties, determining the type of materials and supplies to be used, purchasing and procurement for his employer Gordon.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

72.     Plaintiff is exempt from the overtime requirements of the FLSA pursuant to the exemption for an employee who is employed in domestic service in a household and who resides in such household under 29 USC §213(b)(21) and 29 CFR §552.102 for substantially all or part of the relevant period of Plaintiff's claims.  This exemption applies to all services performed by Plaintiff as an employee of Gordon in his individual capacity,

and, in the event that the Estate is determined to be a joint employer of Plaintiff, to all services performed by Plaintiff as an employee of Gordon and the Estate.

73.     Gordon has primarily resided in Residential Unit 30/31 of the 515 Park Avenue Condominium (the "Condominium"), located at 515 Park Avenue, New York, New York, (the "Park Avenue Residence"), for the relevant period.

74.     Plaintiff resided in an apartment on the second floor of the Condominium (the "Second Floor Apartment") in the period from in or around April 2011 through September 2012.

75.     The Second Floor Apartment is a combination of Suite Unit 2A and Suite Unit 2B of the Condominium.

76.     The Estate owns Residential Unit 30/31 and Suite Units 2A and 2B.

77.     Under the terms of the Offering Plan of the Condominium ("Offering Plan"), Suite Units may only be occupied by domestic employees of Residential Unit Owners (as defined in the Plan), as well as family members and non-paying guests of the Residential Unit Owners.

78.     Pursuant to the terms of the last will and testament of Christopher H. Browne (the "Will"), Gordon has exercised an election which allows him to live in the Park Avenue Residence for the reminder of his life.

79.     The Second Floor Apartment is part of the household of the Park Avenue Residence.

80.     In the summer of 2010 and the summer of 2011 and at other times, Gordon resided at 62 Further Lane (the "East Hampton Residence"), and Plaintiff was employed in

domestic service in and around the East Hampton Residence for his employer Gordon, and resided in the East Hampton Residence.

81.     In the period in or about January 2010 through in or about April 2010, and in May 2010, Gordon resided in a condominium located at 100 South Pointe Drive, Continuum South Tower, Miami Beach, Florida (the "Miami Residence"), and Plaintiff was employed in domestic service in the Miami Residence for his employer Gordon, and resided in the Miami Residence.

82.     Gordon resided in Apartment 1804/1805 of the condominium located at 100 South Pointe Drive, Continuium South Tower, Miami Beach, which was owned by Gordon and the Estate at that time.  Gordon and the Estate also owned Supplemental Quarters Unit 402 in the same condominium, which may only be used by domestic employees and guests of condominium owners.  Plaintiff stayed in Supplemental Quarters Unit 402 and was employed in domestic service when Gordon and Plaintiff were in Miami Beach in 2010.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

83.     Plaintiff was paid not less than one-and-one-half times the applicable minimum hourly wage under New York law for all hours worked for all relevant periods alleged in the Complaint.

84.     Plaintiff is exempt from the overtime requirements of the NYLL pursuant to Section 142-2.2 of Wage Order, which provides that there is no obligation to pay additional overtime to an employee who is "subject to the exemptions of Sections 7 and 13" of the FLSA and is paid at leaset one-and-one-half times the applicable minimum hourly wage under New York law for all hours worked.

85.     As set forth in the Third and Fourth Affirmative Defenses, Plaintiff was exempt from overtime requirements pursuant to Section 13of the FLSA for all or part of his employment.  This exemption applies to all services performed by Plaintiff as an employee of Gordon in his individual capacity, and, in the event that the Estate is determined to be a joint employer of Plaintiff, to all services performed by Plaintiff as an employee of Gordon and the Estate.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

86.     Plaintiff's claims for relief under the FLSA claims for overtime hours worked before July 13, 2012, are barred by the two year statute of limitations because those claims do not arise out of willful violations of the FLSA.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

87.     The Executors had a good faith belief and reasonable grounds for believing that Plaintiff was never an employee of the Estate and, therefore, that the Estate did not violate the FLSA.  Accordingly, Plaintiff is not entitled to an award of liquidated damages under the FLSA, or in the alternative any award of liquidated damages should be reduced from an amount equal to any unpaid overtime obligation of the Estate to Plaintiff.

88.     The bases for the Executors' good faith belief and reasonable grounds for believing that Plaintiff was never an employee of the Estate are: (i) at the time that Plaintiff alleges that the Estate hired him the Preliminary Executors had not yet been appointed, and the Estate lacked legal capacity to hire Plaintiff; (ii) under the terms of the last will and testament of Christopher H. Browne and New York law, any decision by the Executors as to be by majority vote of the Executors, and a majority of the Executors never authorized the hiring of Plaintiff; (iii) none of the Executors ever asked Plaintiff to become an employee of

the Estate; (iv) after the death of Christopher H. Browne, Gordon in his individual capacity was Plaintiff's sole employer, and only Gordon in his individual capacity negotiated Plaintiff's compensation with Plaintiff and supervised the work he performed, and the Executors, acting in their capacity as executors, did not control the hours worked by Plaintiff, or any of the terms or conditions of his employment; and (v) in a letter written by Plaintiff to attorneys for the Estate dated July 20, 2010, which requested a bonus for work he performed in 2009 as the cook employed by Christopher H. Browne, Plaintiff identified himself as "currently the cook employed by Mr. Gordon" and did not inform the Estate that he considered himself to be currently employed by the Estate nor that he was working more than forty hours per week without receiving compensation for hours worked in excess of 40 hours.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

89.    The Executors had a good faith belief that Plaintiff was never an employee of the Estate and, therefore, that the Estate acted in compliance with the NYLL.  Accordingly, Plaintiff is not entitled to an award of liquidated damages under the NYLL.

90.    The bases for the Executors' good faith belief that Plaintiff was never an employee of the Estate are: (i) at the time that Plaintiff alleges that the Estate hired him the Preliminary Executors had not yet been appointed, and the Estate lacked legal capacity to hire Plaintiff; (ii) under the terms of the last will and testament of Christopher H. Browne and New York law, any decision by the Executors has to be by majority vote of the Executors, and a majority of the Executors never authorized the hiring of Plaintiff; (iii) none of the Executors ever asked Plaintiff to become an employee of the Estate; (iv) after the death of Christopher H. Browne, Gordon in his individual capacity was Plaintiff's sole

20

employer, and only Gordon in his individual capacity negotiated Plaintiff's compensation with Plaintiff and supervised the work he performed, and the Executors, acting in their capacity as executors, did not control the hours worked by Plaintiff, or any of the terms or conditions of his employment; and (v) in a letter written by Plaintiff to attorneys for the Estate dated July 20, 2010, which requested a bonus for work he performed in 2009 as the cook employed by Christopher H. Browne, Plaintiff identified himself as "currently the cook employed by Mr. Gordon" and did not inform the Estate that he considered himself to be currently employed by the Estate nor that he was working more than forty hours per week without receiving compensation for hours worked in excess of 40 hours.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

91.      Gordon, in his individual capacity, had a good faith belief that he acted in compliance with the FLSA and the NYLL in regard to Plaintiff.  Accordingly, Plaintiff is not entitled to an award of liquidated damages under the FLSA or the NYLL.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

92.      On information and belief, Plaintiff failed to mitigate damages with respect to his retaliation claims under the FLSA and NYLL.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

93.      Plaintiff's annual salary with defendant Gordon was $100,000.

94.      Plaintiff alleges that he was also entitled to be paid a bonus of $25,000, which allegation defendant Gordon denies.

95.      In 2010, Plaintiff received $127,998.00 in compensation.

96.     If it is determined that Plaintiff was entitled to receive a bonus in 2010, defendant Gordon has already paid and Plaintiff has already received a sum in excess of the amount claimed.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

97.     In 2010, Plaintiff received an overpayment of $27,998.00 in his annual salary from Gordon (the "Overpayment").

98.     The Overpayment was made by Gordon or his agents in error.

99.     In the event that Gordon does not prevail on his counterclaim for Restitution (First Cause of Action), in the alternative, Gordon is entitled to an offset in the amount of $27,998.00 of any damages awarded to Plaintiff.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

100.    Plaintiff's cause of action against the Estate and the Executors for an additional bonus payment for 2009 is barred by CPLR §4519 and Federal Rule of Evidence 601.

101.    In the event that the Estate is determined to have employed Plaintiff, Plaintiff's cause of action against the Estate and the Executors for a bonus payment for services rendered in 2010 and 2011 based on an alleged agreement between Plaintiff and Christopher H. Browne is nonetheless barred by CPLR §4519 and Federal Rule of Evidence 601.

        **WHEREFORE**, all claims for relief should be dismissed in their entirety, and Defendants should be awarded their attorneys' fees and costs, to the extent permitted by applicable law.

## AS AND FOR COUNTERCLAIMS
## OF DEFENDANT GORDON

Defendant Andrew S. Gordon, in his individual capacity ("Gordon"), by way of Counterclaims against Plaintiff Hernando Hoyos alleges as follows:

1.      This Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. § 1367.

## **FACTS**

2.      Gordon is an adult individual residing at 515 Park Avenue, New York, New York.

3.      Hernando Hoyos ("Plaintiff") is an adult individual who, at all relevant times, resided in the State of New York.

4.      In or around January 2010, Gordon hired Plaintiff as an at-will employee to perform a broad range of domestic responsibilities, including cooking, shopping, cleaning, maintenance oversight and driving duties, and sharing responsibility with Gordon for the care of Gordon's dog Orville.

5.      Gordon agreed to pay Plaintiff an annual salary of not less than $100,000.00.

6.      In 2010, Plaintiff received total salary in the amount of $127,998.00.

7.      In or around April 2011, in connection with his employment by Gordon, Plaintiff moved his residence to the 515 Park Avenue Condominium (the "Condominium"), located at 515 Park Avenue, New York, New York.

8.      Plaintiff resided in an apartment on the second floor of the Condominium (the "Apartment") during the period from in or around April 2011 until on or about September 26, 2012.

9.    The Apartment is a combination of Suite Unit 2A and Suite Unit 2B of the Condominium.

10.    The Estate of Christopher H. Browne ("Estate") owns the Apartment.

11.    Under the terms of the Offering Plan of the Condominium ("Offering Plan"), Suite Units such as the Apartment may only be occupied by domestic employees of Residential Unit Owners (as defined in the Plan), as well as family members and non-paying guests of the Residential Unit Owners.

12.    Pursuant to the terms of the last will and testament of Christopher H. Browne (the "Will"), Gordon has exercised an election which allows him to live in the Park Avenue Residence for the remainder of his life.

13.    On or about April 18, 2012, Gordon terminated Plaintiff's employment.  At the time of termination, Gordon informed Plaintiff that he must vacate the Apartment and asked that Plaintiff inform him when Plaintiff would be prepared to do so.

14.    Gordon received no response from Plaintiff, so, by letter dated April 27, 2012, Gordon demanded that Plaintiff vacate the Apartment immediately.

15.    Plaintiff refused to vacate the Apartment and continued to enter and occupy the Apartment without license or permission until on or about September 26, 2012.

16.    Plaintiff intentionally deprived Gordon of the use and enjoyment of the Apartment from April through September 2012.

## FIRST CAUSE OF ACTION
## RESTITUTION OF WAGE OVERPAYMENT

Gordon realleges and incorporates by reference each and every allegation set forth in Paragraphs 1 through 16 hereof as though fully set forth herein.

17.     In 2010, Plaintiff received an overpayment of $27,998.00 in his annual salary from Gordon (the "Overpayment").

18.     The Overpayment was made by Gordon or his agents in error.

19.     Plaintiff has failed to return the Overpayment to Gordon.

20.     Plaintiff has received a gain to which he was not entitled and, accordingly, has been unjustly enriched.

21.     Gordon is entitled to restitution from Plaintiff in the amount of $27,998.00.

**SECOND CAUSE OF ACTION**
**<u>TRESPASS</u>**

Gordon realleges and incorporates by reference each and every allegation set forth in Paragraphs 1 through 21 hereof as though fully set forth herein.

22.     At all relevant times, Gordon, as life tenant, had the right of possession of the Apartment.

23.     Beginning in or around April 2011 and ending in April 2012, Gordon permitted Plaintiff to occupy the Apartment in connection with his employment.

24.     Gordon revoked Plaintiff's authority to enter or occupy the Apartment in April 2012 when Gordon terminated Plaintiff's employment and demanded that Plaintiff vacate the Apartment.

25.     Plaintiff's intentional entry and occupancy of the Apartment from April 19, 2012 through September 26, 2012 was unauthorized, unjustified, and unlawful.

26.     As a result of Plaintiff's actions, Gordon was totally deprived of the use and enjoyment of the Apartment from April 19, 2012 through September 26, 2012.

27.     Plaintiff's conduct amounted to a wanton, willful and reckless disregard of Gordon's right of possession of the Apartment.

25

28.     By reason of the foregoing, Gordon has sustained damages and is entitled to relief.

**WHEREFORE**, Gordon respectfully demands judgment as follows:

A.      As to the First Cause of Action, awarding Gordon compensatory damages in the amount of $27,998.00, plus interest;

B.      As to the Second Cause of Action, awarding Gordon compensatory and punitive damages, together with reasonable costs and attorneys' fees; and

C.      As to both Causes of Action, granting Gordon such other and further relief as this Court may deem just and proper.

Dated: New York, New York
          November 16, 2012

                                    BRYAN CAVE LLP

                                    By:    ___s/ Jay P. Warren_____
                                          Jay P. Warren

                                    1290 Avenue of the Americas
                                    New York, New York 10104
                                     (212) 541-2000
                                    *Attorneys for Defendants the Preliminary*
                                    *Executors of the Estate of Christopher H.*
                                    *Browne*

                                     McCARTER & ENGLISH, LLP

                                     By:    ___s/Patrick M. Collins_____
                                          Patrick M. Collins
                                          Christina M. Schmid

                                     245 Park Avenue - 27th Floor
                                     New York, New York  10167
                                     (212) 609-6800
                                     *Attorneys for Defendant Andrew S.*
                                     *Gordon in his individual capacity*