IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HERNANDO HOYOS, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>-against-<br><br>ANDREW S. GORDON and ANDREW S. GORDON, SCOTT K. H. BESSENT and ELIZABETH DELLENBAUGH AS EXECUTORS OF THE ESTATE OF CHRISTOPHER H. BROWNE, Jointly and Severally,<br><br>      Defendants. | 12-cv-5449 (JPO)(SN) |

## ANSWER TO COUNTERCLAIMS & AFFIRMATIVE DEFENSES

Plaintiff HERNANDO HOYOS ("Hoyos"), by his attorneys Pelton & Associates PC, hereby answers the counterclaims brought by Defendant Andrew S. Gordon, in his individual capacity ("Gordon"), in his November 16, 2012 Answer to the Complaint (the "Answer") as follows:

## AS AND FOR COUNTERCLAIMS OF DEFENDANT GORDON

1. Paragraph 1 contains a statement of law to which no response is required.

## FACTS

2. Admits that Gordon is an adult individual who, at relevant times, resided at 515 Park Avenue, New York, New York but denies knowledge or information as to Gordon's current residence.

1

3. Admits the allegations set forth in paragraph 3 of Defendant Gordon's counterclaim.

4. Denies the allegations set forth in paragraph 4 of Gordon's Counterclaim.

5. Denies the allegations set forth in paragraph 5 of Gordon's Counterclaim.

6. Denies knowledge or information regarding the exact remuneration received in 2010 as set forth in paragraph 6 of Gordon's Counterclaim.

7. Admits the allegations set forth in paragraph 7 of Gordon's Counterclaim.

8. Admits the allegations set forth in paragraph 8 of Gordon's Counterclaim.

9. Admits the allegations set forth in paragraph 9 of Gordon's Counterclaim.

10. Denies knowledge or information regarding the allegations set forth in paragraph 10 of Gordon's Counterclaim.

11. Denies knowledge or information regarding the allegations set forth in paragraph 11 of Gordon's Counterclaim.

12. Denies knowledge or information regarding the allegations set forth in paragraph 12 of Gordon's Counterclaim.

13. Admits that shortly after sending a letter to Gordon seeking unpaid overtime compensation, Gordon terminated him in retaliation for his legally-protected request for unpaid overtime and further admits that Gordon demanded that Plaintiff vacate his residence in further retaliation for his request for unpaid overtime compensation but denies all other allegations contained in paragraph 13 of Gordon's Counterclaim.

14. Denies the allegations set forth in paragraph 14 of Gordon's Counterclaim but admits that Gordon sent a retaliatory letter shortly after his request for overtime demanding that he vacate his residence.

15. Denies the allegations set forth in paragraph 15 of Gordon's Counterclaim but admits that Plaintiff continued to occupy the Apartment until he was able to secure alternative housing after his retaliatory termination.

16. Denies the allegations set forth in paragraph 16 of Gordon's Counterclaim.

## FIRST CAUSE OF ACTION
## RESTITUTION OF WAGE OVERPAYMENT

As to the unnumbered paragraph following paragraph 16, Plaintiff repeats and incorporates by reference his answers and responses contained in Paragraphs 1 through 16 as if fully and completely restated herein.

17. Denies the allegations set forth in paragraph 17 of Gordon's Counterclaim.

18. Denies the allegations set forth in paragraph 18 of Gordon's Counterclaim.

19. Denies the allegations set forth in paragraph 19 of Gordon's Counterclaim as there was no alleged overpayment.

20. Denies the allegations set forth in paragraph 20 of Gordon's Counterclaim.

21. Denies the allegations set forth in paragraph 21 of Gordon's Counterclaim.

## SECOND CAUSE OF ACTION
## TRESPASS

As to the unnumbered paragraph following paragraph 20, Plaintiff repeats and incorporates by reference his answers and responses contained in Paragraphs 1 through 21 as if fully and completely restated herein.

22. Denies the allegations set forth in paragraph 22 of Gordon's Counterclaim.

23. Admits that Plaintiff was allowed to occupy the Apartment but denies the remaining allegations set forth in paragraph 23 of Gordon's Counterclaim.

24. Admits that Gordon demanded that Plaintiff vacate the apartment shortly after Plaintiff complained to him regarding obtaining compensation for unpaid overtime wages in retaliation for Plaintiff exercising his rights under state and federal law.

25. Denies the allegations set forth in paragraph 25 of Gordon's Counterclaim.

26. Denies the allegations set forth in paragraph 26 of Gordon's Counterclaim.

27. Denies the allegations set forth in paragraph 27 of Gordon's Counterclaim.

28. Denies the allegations set forth in paragraph 28 of Gordon's Counterclaim and asserts the very fact that Gordon has asserted these Counterclaims is further evidence of Gordon's retaliation against Plaintiff as a result of Plaintiff seeking his unpaid overtime.

**AFFIRMATIVE DEFENSES TO DEFENDANTS' COUNTERCLAIMS**

Without admitting any of the allegations contained in Gordon's Counterclaims and/or assuming the burden of proof as to any of the following defenses where the law does not impose such burden on Hoyos, Hoyos asserts the following affirmative defenses:

1. Gordon's conduct in terminating Plaintiff's employment and demanding that he vacate his residence within weeks of sending a letter seeking unpaid overtime wages constitutes illegal retaliation against Hoyos for seeking to protect his rights under the Fair Labor Standards Act and the New York Labor Law.

2. Gordon's conduct in filing the instant Counterclaims constitute illegal retaliation against Hoyos as a result of Hoyos' protected activity of filing the instant lawsuit seeking to recover unpaid wages pursuant to the Fair Labor Standards Act and the New York Labor Law.

3. Gordon's Counterclaims fail, in whole or in part, to state a claim upon which relief may be granted or for which the relief or recovery sought can be awarded.

4. The court lacks jurisdiction over the subject matter of Gordon's Counterclaims.

5. Gordon's claims are barred, in whole or in part, because of Defendants' own intentional, culpable conduct.

6. At all relevant times hereto, Gordon acted in good faith and did not violate any of Defendants' rights under federal, state or local laws, rules, regulations or guidelines.

7. Gordon's Counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

8. Gordon's Counterclaims are barred, in whole or in part, by the doctrine of estoppel.

9. Gordon's Counterclaims are barred, in whole or in part, by the doctrine of laches.

10. Gordon's Counterclaims are barred, in whole or in part, by the doctrine of waiver because Defendant failed to mitigate his damages.

11. Other affirmative defenses that cannot be determined from the face of the counterclaims may apply. Plaintiff reserves his right to supplement this pleading.

**WHEREFORE**, Plaintiff/Counterclaim Defendant Hoyos prays that the Court:

1. Dismiss Defendants' Counterclaims with prejudice and enter judgment for Hoyos;

2. Deny any relief sought by Defendant;

3. Award Hoyos his reasonable attorney's fees, disbursements, and costs;

4. Award Hoyos damages arising out of Gordon's retaliation in terminating his employment and demanding that he vacate his home after seeking to enforce his right to unpaid overtime wages;

5. Award Hoyos damages arising out of Gordon's retaliation in filing the instant retaliatory counterclaims;

6. Issue an order preventing Gordon from taking any further retaliatory action against Hoyos; and

7. Grant Hoyos such other and further relief as the Court may deem just and proper.

Dated: New York, New York
December 5, 2012

                PELTON & ASSOCIATES PC

                By: */s/ Brent E. Pelton*
                Brent E. Pelton (BP 1055)
                Taylor B. Graham (TG 9607)
                111 Broadway, Suite 901
                New York, New York 10006
                Telephone: (212) 385-9700
                Facsimile: (212) 385-0800

                *Attorneys for Plaintiffs, Individually, and*
                *on Behalf of All Other Persons Similarly Situated*