```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
```

Hernando HOYOS,

                                                         **Plaintiff,**                    12-CV-05449 (JPO)(SN)

                            -against-                                   **REPORT AND**
                                                                                     **RECOMMENDATION**

**Andrew S. GORDON, et al.,**

                                               **Defendants.**

```
-----------------------------------------------------------------X
```
**SARAH NETBURN, United States Magistrate Judge.**

**TO THE HONORABLE J. PAUL OETKEN:**

       On February 21, 2013, the parties appeared before me for a settlement conference and reached an agreement to resolve the case. Upon review of the parties' pleadings and ex parte submissions and based on the confidential discussions with each side, I find that the settlement agreement was fair and reasonable.

       The plaintiff brought his case under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York State Labor Law ("NYLL"). Included in his complaint is the assertion that, during his employment with the defendant, he was not paid overtime compensation, as required by the FLSA and NYLL, and also alleged breach of contract.

       At the settlement conference, parties were represented by counsel, and the negotiations were at arm's length. The settlement agreement is in the best interests of all parties because of the litigation risks and the anticipated burdens and expenses in establishing the parties' respective claims and defenses. The parties orally consented on the record to the final settlement amount.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/25/2013

The FLSA imposes the obligation to pay unpaid overtime compensation and "an additional equal amount as liquidated damages" on employers who violate its requirement that overtime wages be paid. 29 U.S.C. § 216(b). The obligation to pay "liquidated damages cannot be bargained away by bona fide settlements of disputes over coverage." D.A. Schulte, Inc. v. Gangi, 328 U.S. 108, 114 (1946). In D.A. Schulte, however, the Supreme Court suggested in dicta that employees may waive FLSA claims pursuant to judicially-supervised settlements. Id. at 113 n. 8. The Supreme Court reasoned that "by the simple device of filing suits and entering agreed judgments, . . . the requirement of pleading the issues and submitting the judgment to judicial scrutiny may differentiate stipulated judgments from compromises by the parties." Id. Based on dicta in D.A. Schulte, several courts of appeal have opined that district courts may enter judgments on a basis that does not require full payment of liquidated damages after scrutinizing the proposed settlements for fairness. See, e.g., Lynn's Food Stores, Inc. v. United States By and Through U.S. Dep't of Labor, Employment Standards Admin., Wage and Hour Div., 679 F.2d 1350, 1352–53 (11th Cir. 1982); Urbino v. Puerto Rico Ry. Light & Power Co., 164 F.2d 12, 14 (1st Cir. 1947). In Jarrard v. Southeastern Shipbuilding Corp., 163 F.2d 960 (5th Cir. 1947), the Court of Appeals for the Fifth Circuit approved a settlement after finding that "a bona fide dispute of both law and fact was involved in the litigation, and that the proposed settlement agreed upon was fair and equitable to all parties concerned." Id. at 961.

In light of the disputed facts raised in this case, I recommend that this settlement be approved as a fair and reasonable resolution of this case. See Johnson v. Brennan, 10 Civ. 4712 (CM), 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011) (McMahon, J.) ("If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement."); Lynn's Food Stores, Inc., 679 F.2d 1350 (holding that a court may enter a

judgment that does not reflect full payment of FLSA back wage or liquidated damage claims if it determines that the amount is a fair and reasonable resolution of a bona fide FLSA dispute).

Accordingly, I recommend that this case be dismissed with prejudice but without costs; provided, however, that within 30 days of the date of this Order, counsel for the plaintiff may apply by letter to restore this action to this Court's calendar, in which event the action will be restored.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:      New York, New York
            April 25, 2013